# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**CARMINE BYNES,**

    **Plaintiff,**

**v.**                                                              **Case No: 5:22-cv-42-GAP-PRL**

**CR ENGLAND TRANSPORT TRUCKING,**

    **Defendant.**

---

## REPORT AND RECOMMENDATION[1]

Plaintiff, who is proceeding *pro se*, has filed an unintelligible complaint against "CR England Transport Trucking." (Doc. 1). Plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. 2). For the reasons discussed below, Plaintiff's motion is due to be denied and the complaint dismissed.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

As an initial matter, Plaintiff's complaint is largely incomprehensible and fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint contains no facts suggesting that the defendant acted in violation of the law. Although the plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Moreover, Jurisdiction is a threshold issue in any case pending in United States district

court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000). Here, Plaintiff's complaint contains no mention of the diversity of the parties or a federal cause of action he plans to proceed under.

Notably, in the past month Plaintiff has filed five other complaints in the Middle District, all of which are incomprehensible and appear to be frivolous. *See Bynes v. Save-a-lot,* 5:22-cv-00016-GAP-PRL (filed 01/12/22); *Bynes v. Operators of Sheriffs Department,* 5:22-cv-00017-GAP-PRL (filed 01/12/22); *Bynes v. Greenway,* 5:22-cv-00020-JA-PRL (filed 01/14/22); *Bynes v. Lamb,* 5:22-cv-00021-JA-PRL (filed 01/14/22); *Bynes v. Mile LNU;* 5:22-cv-00032-JA-PRL (filed 01/25/22). Although Plaintiff is proceeding *pro se*, he is still obligated to comply with Federal Rule of Civil Procedure 11(b), which provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best

of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

A plaintiff's failure to comply with Rule 11(b), may subject him to sanctions under Rule 11(c). **Plaintiff is warned that if he continues to file frivolous complaints, it could lead to the imposition of sanctions.** In addition, Plaintiff may be deemed an abusive filer, his *in forma pauperis* status may be denied prospectively, and the Clerk may be directed to refuse to accept any further filings from Plaintiff absent the full filing fee. *See Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) (finding that the "number, content, frequency, and disposition" of plaintiff's filings showed an abusive pattern, and revoking plaintiff's *in forma pauperis* privilege, and directing the Clerk of the Court to refuse to accept any more of his appeals that were not accompanied by the full filing fee).

Accordingly, for the reasons stated above, it is recommended that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **denied** and the complaint (Doc. 1) be **dismissed**.

Recommended in Ocala, Florida on February 8, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy